1  **MORRIS PATRICK**

2  1736 State Street Apt. 491

3  San Diego, CA. 92101

4  (661) 528-4238

5  **PLAINTIFF IN PRO PER**



6

7  # UNITED STATES DISTRICT COURT

8  # CENTRAL DISTRICT OF CALIFORNIA

9

10

11  MORRIS PATRICK, an individual.          Case No: **2:22-CV- 02846-PA-MAA**

12          PLAINTIFF

13                                          **COMPLAINT FOR DAMAGES**

14      v.

15  COUNTY OF LOS ANGELES, a                   1)  42 U.S.C. § 1983

16  municipal entity; COUNTY OF SAN            2)  Monell

17  BERNARDINO, a municipal entity;            3)  Declaratory Relief

18  PEDRO DOMINGUEZ, individually and

19  in his official capacity as a social

20  worker for the Los Angeles County       **JURY TRIAL DEMANDED**

21  Department of Children and Family

22  Services; KAREN BOWMAN,

23  individually and in her official

24  capacity as a social worker for the

25  Los Angeles County Department of

26  Children and Family Services; LORI

27  HIROTA, individually and in her

28  official capacity as a social worker for

---

Morris Patrick v. County of Los Angeles, et al          PG. 1          Case No:

**COMPLAINT FOR DAMAGES**

1  the Los Angeles County Department
2  of Children and Family Services;
3  STEPHANIE SCHNEIDER, individually
4  and in her official capacity as a social
5  worker for the San Bernardino
6  County Department of Children and
7  Family Services; DIANE BROWN,
8  individually and in her official
9  capacity as a social worker for the
10 San Bernardino County Department
11 of Children and Family Services; AMY
12 SANDO, individually and in her
13 official capacity as a social worker for
14 the San Bernardino County
15 Department of Children and Family
16 Services; MARLENA MCCORMICK,
17 individually and in her official
18 capacity as a social worker for the
19 San Bernardino County Department
20 of Children and Family Services;
21 GLORIA KIM CHUNG; FREDERIC
22 NICOLA; PHON VO; and DOES 1 - 50

23                    DEFENDANTS
24

25

26            **COMPLAINT FOR DAMAGES**

27

28 PLAINTIFF, RESPECTFULLY REPRESENTS AND ALLEGES AS FOLLOWS:

Morris Patrick v. County of Los Angeles, et al    PG. 2         Case No:

**COMPLAINT FOR DAMAGES**

# » INTRODUCTION

1.    Pursuant to an order of the Superior Court of San Bernardino County and Los Angeles County, arising from acrimonious juvenile dependency proceedings, Morris Patrick lost custody of his minors, M.P., A.P., and Z.P. (collectively "the children"). In this subsequent civil rights action brought under 42 U.S.C. § 1983, Mr. Patrick sues the County of Los Angeles, County of San Bernardino, and employees of their Department of Children and Family Services ("DCFS"). Defendants' Stephanie Schneider, Diane Brown, Amy Sando, Marlena McCormick, Pedro Dominguez, Karen Bowman, and Lori Hirota (collectively "Defendant Social Workers"), lied, falsified evidence, and suppressed exculpatory evidence—all of which was material to the dependency court's decision to deprive Mr. Patrick of custody—and they did so with malice.

2.    This action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unjustified, grossly excessive, and thereby, entirely unreasonable, use of force inflicted upon Mr. Patrick.

# » JURISDICTION & VENUE

3.    This action arises under Title 42 of the United States Code, §§ 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of San Bernardino and the County of Los Angeles, California, which is within the judicial district of this Court.

4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

5.     Thornton v. Cty. of Los Angeles, No. CV 16-08482 TJH (AGRx), 2017 WL 11504794, at  *2 (C.D. Cal. June 27, 2017) ("Thornton is not barred, however, from bringing civil rights claims alleging illegal acts and omissions by a social worker during state dependency proceedings."); Lahey v. Contra Costa Cty. Dep't of Children & Family Servs., No. C01-1075 MJJ, 2004 WL 2055716, at *9 (N.D. Cal. Sept. 2, 2004) ("In this case, Plaintiffs . . . attempt to demonstrate a series of legal wrongs perpetrated by Defendants that led to several unfavorable custody decisions, but Plaintiffs do not seek in this suit to overturn the custody arrangements . . . . Even though a favorable decision in federal court would undermine the credibility of the state court decision, the Rooker-Feldman doctrine, as recently explained by the Ninth Circuit in Noel, does not bar jurisdiction in this case.").

## » PARTIES

6.     Plaintiff MORRIS PATRICK (hereinafter "Plaintiff") has been, and is, a resident of the state of California and is a United States Citizen.

7.     Defendant COUNTY OF LOS ANGELES (hereinafter "LA County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant LA County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles County Department of Children and Family Services and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant LA County was the employer of Defendant DOES 1-50, Defendant Dominguez, Defendant Bowman, and Defendant Hirota (collectively "Defendant LA Social Workers"), individually and as social workers.

8.     Defendant COUNTY OF SAN BERNARDINO (hereinafter "SB

1  County") is an incorporated public entity duly authorized and existing as
2  such in and under the laws of the State of California; and at all times herein
3  mentioned, Defendant SB County has possessed the power and authority
4  to adopt policies and prescribe rules, regulations and practices affecting
5  the operation of the San Bernardino Department of Children and Family
6  Services and its tactics, methods, practices, customs, and usage. At all
7  relevant times, Defendant SB County was the employer of Defendant
8  DOES 1-50, Defendant Schneider, Defendant Brown, Defendant Sando, and
9  Defendant McCormick (collectively "Defendant SB Social Workers"),
10 individually and as social workers.

11 9.    Defendant PEDRO DOMINGUEZ (hereinafter "Defendant
12 Dominguez") was a social worker for the Los Angeles County Department
13 of Children and Family Services and is sued individually and in his official
14 capacity.

15 10.    Defendant KAREN BOWMAN (hereinafter "Defendant Bowman")
16 was a social worker for the Los Angeles County Department of Children
17 and Family Services and is sued individually and in her official capacity.

18 11.    Defendant LORI HIROTA (hereinafter "Defendant Hirota") was a
19 social worker for the Los Angeles County Department of Children and
20 Family Services and is sued individually and in her official capacity.

21 12.    Defendant STEPHANIE SCHNEIDER (hereinafter "Defendant
22 Schneider") was a social worker for the San Bernardino County
23 Department of Children and Family Services and is sued individually and in
24 her official capacity.

25 13.    Defendant DIANE BROWN (hereinafter "Defendant Brown") was a
26 social worker for the San Bernardino County Department of Children and
27 Family Services and is sued individually and in her official capacity.

28 14.    Defendant AMY SANDO (hereinafter "Defendant Sando") was a

1  social worker for the San Bernardino County Department of Children and
2  Family Services and is sued individually and in her official capacity.

3      15.  Defendant MARLENA MCCORMICK (hereinafter "Defendant
4  McCormick") was a social worker for the San Bernardino County
5  Department of Children and Family Services and is sued individually and in
6  her official capacity.

7      16.  At all times applicable herein defendant GLORIA KIM CHUNG
8  (hereinafter "Defendant Chung") was an individual residing on information
9  and belief, in the County of San Bernardino.

10      17.  At all times applicable herein defendant FREDERIC NICOLA
11  (hereinafter "Defendant Nicola") was an individual residing on information
12  and belief, in the County of Los Angeles.

13      18.  At all times applicable herein defendant PHON VO (hereinafter
14  "Defendant Vo") was an individual residing on information and belief, in
15  the County of Los Angeles.

16      19.  Plaintiff is ignorant of the true names and capacities of those
17  Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will
18  amend this Complaint to allege said Defendants true names and capacities
19  when that information becomes known to Plaintiff. Plaintiff is informed
20  and believes, and thereon alleges that DOES 1 through 25, inclusive, are
21  legally responsible and liable for the incident, injuries, and damages
22  hereinafter set forth, and that each of said Defendants proximately caused
23  the injuries and damages by reason of negligent, careless, deliberately
24  indifferent, intentional, or willful misconduct, including the negligent,
25  careless, deliberately indifferent, intentional, willful misconduct in
26  creating and otherwise causing the incidents, conditions, and
27  circumstances hereinafter set forth, or by reason of direct or imputed
28  negligence or vicarious fault or breach of duty arising out of the matters

1  herein alleged. Plaintiff will seek to amend this Complaint to set forth said
2  true names and identities of DOES 1 through 25, inclusive, when they have
3  been ascertained.

4     20.   Plaintiff is ignorant of the true names and capacities of
5  Defendants DOES 26 through 50, inclusive, and therefore sues these
6  defendants by such fictitious names. Plaintiff is informed and believes and
7  thereon alleges that each Defendant so named was employed by
8  Defendant LA County and/or Defendant SB County at the time of the
9  conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26
10 through 50 were responsible for the training, supervision and/or conduct
11 of the social workers and/or agents involved in the conduct alleged herein.
12 Plaintiff alleges that each of Defendants DOES 26 through 50 was also
13 responsible for and caused the acts and injuries alleged herein. Plaintiff will
14 amend this Complaint to state the names and capacities of DOES 26
15 through 50, inclusive, when they have been ascertained.

16

17 ❚ » ADMINISTRATIVE PREREQUISTES

18    21.   Plaintiff is required to comply with an administrative tort claim
19 requirement under California law.

20    22.   Plaintiff filed a claim against the County of Los Angeles that was
21 endorsed by the County on July 21, 2020. The County did not respond to
22 the claim. By not responding, on August 28, 2020, the County of Los Angeles
23 effectively rejected Plaintiff's claims.

24    23.   Plaintiff filed a claim against the County of San Bernardino that
25 was endorsed by the County on February 9, 2018. The County rejected the
26 claim on February 9, 2018.

27    24.   Plaintiff has exhausted all administrative remedies pursuant to
28 California Government Code Section 910.

## » PRELIMINARY ALLEGATIONS

25.   The County of Los Angeles and County of San Bernardino (collectively "Counties") are public entities and are being sued under Title 42 U.S.C. §§ 1983 for violations of the First and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries and damages were duly appointed, qualified, and acting social workers, employees, and/or agents of the Counties and acting within the course and scope of their employment and/or agency.

26.   Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and social workers, supervisors, medical providers and employees under their direction and control.

27.   Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

## » ALLEGATIONS

28.   Plaintiff, Morris Patrick, is the father of three minor children: "M.P."

(age 10, age 5 at the time of the removal), "A.P." (age 8, age 2 at the time of the removal), and "Z.P." (age 6, age 11 months at the time of the removal). The mother of these three children is Vanessa Tetteh ("Vanessa"), but plaintiff has had sole physical custody since 2017.

29.    Plaintiff's primary language is American Sign Language. His ability to understand and speak English is limited to reading lips but the ability is extremely limited.

30.    Plaintiff met Vanessa through the assembly of Jehovah's Witnesses in June 2006. Plaintiff and Vanessa became friends for 4 years and dated for a month, they got married in March 2010. They lived together for 7 years, before separating. A judgment for dissolutions of marriage was entered in 2017 and final dissolution of marriage in November 2017. The marriage yielded three children, M.P., A.P., and Z.P. (the name of the children are replaced with acronyms).

31.    On information and belief, Plaintiff alleges that, in August of 2017, plaintiff's ex-nanny (Anna Fitzgerald ("Anna")) and ex-roommate (Angela Medina ("Angela")), placed a false report to DCFS that plaintiff abandoned his children. That matter was concluded as unfounded.

32.    This set off a chain of DCFS encounters, based on falsified referrals made that began in August 2017. None of the investigations resulted in the initiation of an investigation by DCFS social workers to correct the false allegations.

33.    From 2017 to 2021, Plaintiff was interviewed and/or supposed to be involved in interview investigations of child abuse by DCFS social workers. From the beginning, Plaintiff insisted that his English proficiency was insufficient and requested an American Sign Language interpreter. The social worker, Defendant Schneider, stated that they would conduct the investigation interviews with a certified sign language interpreter.

1  However, the sign language interpreter in September 2017 did not have a
2  certificate from the Registry of Interpreters for the Deaf, Inc. ("RID") and
3  Plaintiff smelled the interpreter's alcohol from his breath during the only
4  investigation Plaintiff was involved in that same September 2017.

5      34.  Only one DCFS interview was conducted with Plaintiff in San
6  Bernardino County on September 17, 2017 (5 days prior to the disposition
7  hearing) before transferring to the County of Los Angeles and that was
8  without a certified American Sign Language interpreter from the RID.
9  However, the interpreter is/was not certified from the RID and his breath
10  smelled of alcohol. The interpreter wasn't even acting in a professional
11  manner to properly interpret the interview in September 2017 in
12  connection to the continued removal that was issued by the juvenile courts
13  on September 22, 2017.

14      35.  After the interview, Plaintiff was asked by the social worker Allana
15  Reid ("CSW Reid") to sign a document confirming that this interview was
16  conducted in American Sign Language on November 9, 2017 before the CFT
17  meeting was scheduled.

18      36.  Plaintiff received an email from CSW Reid that the CFT meeting
19  regarding the children's mental health service would be scheduled on
20  November 30, 2017. However, Plaintiff was never scheduled to meet with
21  SB DCFS for the CFT meeting. In fact, Plaintiff never had another meeting
22  with a certified sign language interpreter throughout the entire duration
23  while being investigated in San Bernardino County before the juvenile case
24  was transferred to Los Angeles County on or around August 2, 2018.

25      37.  On February 7, 2018, Plaintiff continued to pursue his request to be
26  involved in the CFT meeting by sending email requests to social workers
27  including Defendant Social Workers Sando and McCormick. Defendants
28  Sando and McCormick completely and/or deliberately disregarded

1  Plaintiff's emails and never bothered to reply. (See Exhibit A, attached).

2      38.   Defendant SB Social Workers, and each of them, denied plaintiff

3  the services of a certified interpreter and failed to make reasonable efforts

4  to assess whether Plaintiff needed the services of a certified interpreter.

5      39.   Defendant SB Social Workers, and each of them, knew, or should

6  have known, that Plaintiff's command of the English language was

7  extremely limited.

8      40.   Plaintiff relies on the Federal Conciliation and Compliance Act

9  Section FCS, which states: "If an unskilled English speaker is not provided

10  with appropriate language interpretation service during testimony or

11  interview, the result can be enormously affected, the evidence will be

12  invalidated, and it will be an important factor that hinders the fair

13  investigation or evaluation of the Children's Bureau Staff. It is likely that

14  all facts can be distorted."

15      41.   Based on the fact (in part) that plaintiff was denied his right to an

16  interpreter, inaccurate reports filed by Defendant SB Social Workers

17  contributed to plaintiff's loss of full custody over his three children, M.P.,

18  A.P., and Z.P. See Chong Sook Lim v. Child Protective Servs. of Tulare Cnty.

19  (E.D. Cal., Nov. 19, 2020, No. 1:20-cv-01049-NONE-SKO) [pp. 6] ("According to

20  Plaintiff, because she had been denied her right to an interpreter,

21  'inaccurate reports filed by [Tulare County] CPS contributed to Plaintiff's

22  ultimate loss of full custody of the child, Y.L.'", pro se litigant granted her

23  right to proceed after the IFP review.).

24      42.   See further, Exhibit B, attached (background).

25      43.   On September 22, 2017, Plaintiff and Vanessa went to a juvenile

26  court hearing, where Plaintiff was shown a report sent to the juvenile court

27  judge by SB DCFS (herein after, "Disposition Report").

28      44.   The Disposition Report contained a chock full of lies and

1  omissions of known exculpatory facts. Based on Plaintiff's present
2  recollection, Plaintiff alleges that the Disposition Report, among other
3  things, falsely stated: (See Exhibit C, attached: false allegations in further
4  detail), and contained a request for custody orders. The Disposition Report
5  was signed by Defendants Schneider and Brown.

6      45.   Plaintiff is informed and believes, and thereon alleges, that
7  Defendants Schneider and Brown sent the Disposition Report to the
8  juvenile court. Said defendants knew that the Disposition Report would be
9  presented as evidence and relied upon by the juvenile court.

10      46.   On November 21, 2019, the juvenile court held a hearing, where the
11  juvenile court terminated plaintiff's rights over his three children, M.P.,
12  A.P., and Z.P. and awarded full legal and full physical custody of M.P., A.P.,
13  and Z.P. to the Foster Parents and deprived plaintiff of his First and
14  Fourteenth Amendment rights over his children. Plaintiff has not seen M.P.,
15  A.P., and Z.P.  since January 17, 2020, because Defendant Social Workers,
16  and each of them, lied to the juvenile court without further investigation
17  to correct the false allegations during each hearing conducted over the
18  years.

19      47.   Plaintiff is informed and believes and thereon alleges that the
20  juvenile court reviewed and relied on the misrepresentation and requested
21  custody orders contained in each of the reports signed (including the
22  Disposition Report) by Defendant Social Workers, and each of them, in
23  making its decisions in the case.

24      48.   Defendant Social Workers, and each of them continue to deprive
25  plaintiff of a fair process to conduct an investigation in connection to the
26  false allegations so that they can correct the resulting damages.

27      49.   Plaintiff has never stopped searching for a way to correct the
28  resulting damages. Plaintiff has filed numerous complaints to the counties

1 and Defendant Social Workers and has continued to be deprived of a
2 reasonable process to correct the resulting damages.

3    50.   In fact, plaintiff continues to go to protests with other families
4 who suffer the same abuse by state officials including social workers so
5 that he can be heard. It wasn't until March 25, 2022 that he met other
6 plaintiff's in this court, Marissa Hernandez ("Marissa", case no. 2:21-cv-
7 07858) and Samuel Nicholas ("Sam", case no. 2:22-cv-02425) at a protest in
8 Sacramento, CA. where they came together to collaborate on notes that
9 they have been working on individually but now as a team unit to protect
10 themselves from further abuse.

11    51.   It was upon this meeting that plaintiff and Marissa realized that
12 one of the social workers, Defendant Hirota, engaged in judicial deception
13 in both of their cases in the juvenile court to continue the removal of their
14 children without a reasonable basis and without a reasonable process to
15 return the children. Defendant Hirota was the social worker involved in the
16 termination of plaintiff's rights over his three children; whereas, in
17 Marissa's case, she is the current supervisor over another social worker
18 that also falsified judicial records while allowing the father of Marissa's
19 children (Salvador Hernandezgomez ("Salvador")) to have custody rights
20 despite the fact that Salvador's rights were terminated in 2016 and in
21 violation of Marissa's restraining order protecting herself and her children
22 from actual abuse from Salvador.

23    52.   During the incident, the Defendant Social Workers worked
24 together as a group to back each other up, provide tacit approval for the
25 incident, and support, assist, and encourage one another's actions.

26    53.   Each of the Defendant Social Workers failed to intervene or
27 prevent harm when their colleagues were depriving Plaintiff of his
28 constitutional rights as stated in this Complaint.

54.   By failing to intervene, each of the Defendant Social Workers additionally violated Plaintiff's constitutional rights.

55.   The actions and omissions of the County and Defendant Social Workers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as social workers and/or public officials, and pursuant to unconstitutional customs, policies, and procedures of the County and/or other jurisdictions.

56.   Plaintiff is informed, believes, and thereon alleges that the Counties and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Social Workers. Their failure to discipline Defendant Social Workers, inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper removals and continued removals of children, the failure to investigate false allegations, and the fabrication of official reports to cover up Defendant Social Workers' misconduct.

57.   Plaintiff is informed and believes and thereon alleges that members of DCFS, including, but not limited to Defendants Social Workers and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable removals and continued removals of children against individuals, including, but not limited to plaintiff.

58.   Plaintiff is informed and believes and thereon alleges that Counties knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

59.   At all material times, and alternatively, the actions and omissions

1  of each Defendant were conscience-shocking, reckless, deliberately
2  indifferent to Plaintiff's rights, negligent, and objectively unreasonable.
3
4  **» DAMAGES**
5  60.   As a consequence of Defendants' violations of Plaintiff's federal
6  civil rights under 42 U.S.C. §1983 and the First and Fourteenth
7  Amendments. Plaintiff was physically, mentally, emotionally, and
8  financially injured and damaged as a proximate result of Defendants'
9  wrongful conduct.
10  61.   Plaintiff is entitled to punitive damages under 42 U.S.C. §§ 1983
11  and 1988.
12
13  

# FIRST CAUSE OF ACTION

## (42 U.S.C. Sections 1983)

14
15
16  

**VIOLATION UNDER** THE UNITED STATES CONSTITUTION –

17  

VIOLATION OF CIVIL RIGHTS

18
19  **FIRST AND FOURTEENTH AMENDMENT VIOLATIONS** against Defendant
20  Social Workers, Defendant Chung, Defendant Nicola, Defendant Vo and DOES
1 – 25, Inclusive.
21
22  62.   Plaintiff realleges, and incorporates herein as if set forth in full,
23  paragraphs 1 – 61 of this Complaint.
24  63.   42 U.S.C. § 1983 provides in part "Every person who, under color of
25  any statute, ordinance, regulation, custom, or usage, of any State or
26  Territory or the District of Columbia, subjects, or causes to be subjected,
27  any citizen of the United States or other person within the jurisdiction
28  thereof to the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

## COUNT 1: <u>PROCEDURAL DUE PROCESS AND FAMILIAL ASSOCIATION</u>

BY PLAINTIFF AGAINST DEFENDANTS SOCIAL WORKERS AND DOES 1 – 25, INCLUSIVE

64.   Under circumstances of this case, outlined above, plaintiff had the right to familial association guaranteed under, without limitations, the First and Fourteenth Amendments of the United States, which right is "clearly established" such that a reasonable social worker in Defendants' situation would know it's wrong to interfere in a parent's right to remain with its children in the absence of exigent circumstances, and that such right may not be impinged upon without first obtaining a warrant or other lawful court order to do so.

65.   It is equally well established that a person in plaintiff's position has a constitutional right to the care, custody, and control of his children pursuant to court orders obtained by fraud or artifice.

66.   In the absence of exigent circumstances, and without any evidence to suggest that M.P., A.P., and Z.P. was in imminent danger of suffering serious bodily injury in the hands of plaintiff, Defendants, and each of them, acting under the color of law, agreed, and/or conspired to deceive the juvenile dependency court in order to obtain an order authorizing the removal and continued removal of M.P., A.P., and Z.P. from plaintiff's care, custody, and control. Thereafter, Defendants, and each of them acting on aforesaid scheme, did unlawfully remove M.P., A.P., and Z.P. from plaintiff's care, custody, and control. Defendants' conduct was without proper justification or authority, and without probable cause, consent, exigency,

1   or lawfully obtained court order. Further, Defendants' actions were taken
2   with deliberate indifference to plaintiff's rights.

3   67.   As a direct result and proximate result of these Defendants'
4   actions, plaintiff has suffered, and will continue to suffer economic,
5   physical, mental, and emotional injury, all to an extent and in an amount
6   subject to proof at trial.

7   68.   Defendant Social Workers are vicariously responsible for the
8   conduct of each other and DOES 1 through 25, inclusive, under applicable
9   statutory and case law.

10   69.   On information and belief, Defendant Social Workers, and DOES 1
11   through 25, inclusive, and each of them acted with malice and with the
12   intent to cause injury to plaintiff and his children, or acted with a willful
13   conscious disregard of the rights of plaintiff in a despicable, vile,
14   fraudulent, and contemptible manner. Therefore, plaintiff is entitled to an
15   award of punitive damages for the purpose of punishing these defendants,
16   and each of them, and to deter them and others from such conduct in the
17   future.

18

19   **COUNT 2:** <u>**SUBSTANTIVE DUE PROCESS, THE RIGHTS TO BE FREE**</u>
20   <u>**FROM THE USE OF DECEPTION IN JUDICIAL PROCEEDINGS, AND**</u>
21   <u>**FAMILIAL ASSOCIATION**</u>

22   BY PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS AND DOES 1 THROUGH 50,
23                                                                      INCLUSIVE

24

25   70.   Plaintiff is informed and believes and thereon alleges that the right
26   to familial association guaranteed under the First and Fourteenth
27   Amendment is "clearly established" such that a reasonable social worker in
28   Defendants' situation would know it is unlawful to remove a child from the

1  care, custody, and control of its parents or to question, threaten, or
2  examine in the absence of exigent circumstances. In addition, there is a
3  clearly established due process right not to be subjected to false
4  accusations on the basis of false evidence that was deliberately fabricated
5  by the government such that a reasonable social worker in Defendants'
6  situation would know it is unlawful to lie, fabricate evidence, and/or
7  suppress exculpatory evidence in sworn affidavits, sworn petitions, court
8  reports or Juvenile Dependency Petitions filed with the court.

9      71.   In doing the things alleged hereinabove, Defendants and each of
10 them, interrupted and impaired the familial rights of plaintiff by unlawfully
11 removing his children from his care, custody and control and continuing to
12 detain his children despite their knowledge that his children were removed
13 and detained based on Defendants' lies, suppression, and fabrication. As
14 to Defendants Chung, Nicola, and Vo, they knowingly, intentionally, and
15 voluntarily collaborated with the remaining defendants, and each of them,
16 in effectuating their unlawful scheme/plan to keep plaintiff's children from
17 his care, custody, and control for as long as possible until completely
18 terminated.

19     72.   In doing the things alleged hereinabove, Defendants, and each of
20 them, were acting under color of state law. They did these things without
21 proper justification or authority, and without probable cause, or exigency.
22 Further, Defendants' actions were taken with deliberate indifference to
23 plaintiff's due process rights and/or rights to uninterrupted familial
24 association and/or privacy. As to Defendants Chung, Nicola, and Vo, their
25 conduct was also undertaken in direct breach of their fiduciary duties to
26 their client, plaintiff.

27     73.   Defendants, and each of them, maliciously conspired to violate the
28 civil rights of plaintiff, including violation of plaintiff's rights under the

Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain, plaintiff's children from his care, custody, and control without proper or just cause and/or authority; by subjecting plaintiff's minor children to physical examinations without consent, authority, or the presence of plaintiff; by the use of coercion and duress to obtain evidence and testimony; and by maliciously falsifying evidence, and presenting fabricated evidence to the court, and maliciously refusing to provide exculpatory evidence during the pendency of the dependency proceedings in violation of Government Code § 820.21, and violating the Constitutional rights of plaintiff.

74.   By these actions, Defendants, and each of them, interfered and/or attempted to interfere with plaintiff's constitutional rights to familial association under the Fourteenth Amendment.

75.   As the direct and proximate result of these Defendants' actions, plaintiff has suffered, and will continue to suffer economic, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial.

76.   On information and belief, Defendants, and each of them acted with malice and with the intent to cause injury to plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages only against the individual defendants for the purpose of punishing them and to deter them and others from such conduct in the future.

# SECOND CAUSE OF ACTION

### (42 U.S.C. Sections 1983 – Monell-Related Claims)

**VIOLATION UNDER** THE UNITED STATES CONSTITUTION –

VIOLATION OF CIVIL RIGHTS

**MONELL** against County of Los Angeles, County of San Bernardino, and DOES
26 – 50, Inclusive.

77.   Plaintiff realleges, and incorporates herein as if set forth in full,
paragraphs 1 – 76 of this Complaint.

78.   Defendant County of Los Angeles and County of San Bernardino,
including through their entities Department of Children and Family
Services, established and/or followed policies, procedures, customs,
usages and/or practices (hereinafter referred to collectively as "policy" or
"policies") which policies were the moving force behind the violations of
plaintiff's constitutional rights as alleged hereinabove, including those
arising under the First and Fourteenth Amendments to the United States
Constitution, by and through, but not limited to, the following policies,
practices, customs, and/or procedures:

    a. the custom of detaining and/or removing children from their
       family and homes without exigent circumstances (imminent
       danger of serious physical injury), court order and/or consent;

    b. the custom of removing children from their family and their
       homes without first obtaining a warrant or other court order
       when no exigency exists;

    c. the custom of examining (medically) children without exigency,
       need, or proper court order, and without the presence and/or
       consent of their parent or guardian;

    d. the custom of removing and detaining children, and continuing
       to detain them for an unreasonable period after any alleged
       basis for detention is negated;

e. the custom of using trickery, duress, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing an interference with the plaintiff's rights, including those as to familial relations; and

f. by causing with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the First and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

g. By acting with deliberate indifference in implementing a policy of inadequate supervision, and/or by failing to adequately supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the First and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

h. The policy of making false allegations in a Juvenile Dependency Petitions, i.e., alleging that a parent has failed to protect a child under Welfare and Institutions Code §§ 300(b) and 300(g), where there is no evidentiary basis to support the charge. Such a similar practice by Los Angeles County and San Bernardino County like it was done to Marissa in both counties (as well as others filing shortly after plaintiff as they continue to work together to prepare to the best of their abilities as pro se litigants – including children who "grew out" of the system

recently (all over the state of California – widespread – systemic defect)) has been enjoined by court order all with a deliberate indifference to the rights of the accused parent and the affected children. With regard to this particular practice, plaintiff alleges on information and belief that the conduct of Defendants in this case is not an "isolated incident." Rather, it is a well-established custom, practice, and usage of the agency and its workers of which the Counties have knowledge yet has deliberately failed to ameliorate the problem through the promulgation of policies to regulate the conduct of its social workers. Moreover, the Counties have failed to implement training and oversight for its workers to prevent them from engaging in such unconstitutional conduct.

i. (This list is not exhaustive due to the pending nature of discovery and the privileges and protected records of investigative and juvenile dependency proceedings. Plaintiff reserves his right to amend this pleading as more information becomes available).

79.   On information and belief, plaintiff alleges that the above policies and practices are part and parcel of an effort by the Counties to fraudulently boost its intervention statistics in order to obtain greater State and Federal funding for its social services programs.

80.   Los Angeles County and San Bernardino County breached their duties and obligations to plaintiff by, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs, and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards with deliberate indifference;

1 | and by knowingly, or with deliberate indifference, permitting Defendant
2 | Social Workers and DOES 1 through 50, inclusive, to engage in the unlawful
3 | and unconstitutional conduct as herein alleged.

4 |     81.   Counties knew, or should have known, that by breaching the
5 | above-mentioned duties and obligations that it was foreseeable that said
6 | failure would and did, cause plaintiff to be injured and damaged, and his
7 | constitutional rights to be impaired, by wrongful policies and acts as
8 | alleged herein, and that such breaches occurred in contravention of public
9 | policy and Defendants' legal duties and obligations to plaintiff; and that
10 | such policies, practices, customs and procedures were the moving force
11 | behind the constitutional violations alleged herein above.

12 |     82.   These actions, and/or inactions of Counties were the direct and
13 | proximate cause of plaintiff's injuries as alleged herein; and as a result,
14 | plaintiff has sustained general and special damages, to an extent and in an
15 | amount to be proven at trial.

16 |
17 | **THIRD CAUSE OF ACTION**
18 | (DECLARATORY RELIEF)
19 |
20 | **DECLARATORY RELIEF** against All Defendants and DOES 1 – 50, Inclusive.

21 |     83.   Plaintiff realleges, and incorporates herein as if set forth in full,
22 | paragraphs 1 – 82 of this Complaint.

23 |     84.   As stated herein, plaintiff, as a citizen and individual, is protected
24 | by the laws of the State of California, as well as those of the United States
25 | Constitution, including the First and Fourteenth Amendments thereto.

26 |     85.   As stated herein, Defendants, and each of them, have wrongfully,
27 | unlawfully, and with deliberate indifference to the rights of plaintiff, and
28 | with utter disregard of Defendants' duties and obligations to plaintiff,

acted, practiced and/or adopted policies, practices, procedures, and/or customs which are in violation of the rights of plaintiff, including those to be free from governmental interference as to his privacy and familial association, and from judicial deception, including those relating to child abuse allegations and related actions and proceedings.

86.   Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and plaintiff is informed and believes, and on that basis alleges, that presently Defendants have not changed or modified such actions, conduct and/or policies to conform law despite several warnings from appellate courts to do so.

87.   Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until forced to promulgate policies, by order of this court, will cause, and continue to cause, great and irreparable injury to plaintiff, and other individual citizens, in that Defendants will continue to act in accordance with said unlawful polices, and with deliberate indifference to their duties and obligations under state and federal law, including those under the First and Fourteenth amendments as alleged herein above.

88.   Based on information and belief, plaintiff alleges that as presently applied by the County of Los Angeles, County of San Bernardino, those portions of the Welfare and Institution Code which County of Los Angeles and County of San Bernardino claims allow the misconduct set out above are unconstitutional in the way they are applied pursuant to the regularly established customs, policies, and practices of County of Los Angeles and County of San Bernardino.

89.   Plaintiff has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and

unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order directing the County of Los Angeles and County of San Bernardino to promulgate policies and implement training to prohibit its social workers from, but not limited to, the following:

    a. Detain and/or removing children from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and/or consent;

    b. Removing children from the care of their family and from their homes without first obtaining a warrant when no legally recognized exigency exists;

    c. Examining children without exigency, need, or proper court order, and without the presence of their proper custodian and/or guardian;

    d. Removing and detaining children, and not returning them, beyond reasonable period after the basis for detention is negated;

    e. Using trickery, duress, fabrication and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court; and

    f. Acting with deliberate indifference to the constitutional protections guaranteed to individuals to the constitutional protections guaranteed to individuals, including those under the First and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

    g. Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the First (protecting deep

attachments) and Fourteenth (protection against invasion of autonomy privacy) Amendments, by engaging in the aforementioned.

h. Conspiring to violate civil rights guaranteed to individuals, including those under the First (protecting deep attachments) and Fourteenth (protection against invasion of autonomy privacy) Amendments , by engaging in the aforementioned.

## » JURY DEMAND

90.   Plaintiff hereby demands a jury trial in this action.

## » PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

**#1. :**  For general damages in a sum according to proof;

**#2. :**  As against only the individual defendants, and not any municipality or public entity, punitive damages as allowed by law;

**#3. :**  Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief based upon a separate application); or alternatively that the Welfare and Institution Code, as applied by The County of Los Angeles and County of San Bernardino in the filing and pursuit of its juvenile dependency petitions be declared unconstitutional as applied;

**#4. :**  Cost of suit incurred herein; and

**#5. :**  For such other and further relief as the Court deems just and proper.

## » CERTIFICATION AND CLOSING

91.   Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being pretended for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if, specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

92.   I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

MORRIS PATRICK
PRO SE LITIGANT

DATED: APRIL 28, 2022

MORRIS PATRICK
PRO SE LITIGANT